# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| NATIONAL REPUBLICAN SENATORIAL COMMITTEE, *et al.*, | ) ) ) ) | |
|  | ) | Case No. 24-3051 |
| Plaintiffs-Appellants, | ) | |
|  | ) | |
| v. | ) | MOTION |
|  | ) | |
| FEDERAL ELECTION COMMISSION, *et al.*, | ) ) ) | |
|  | ) | |
| Defendants-Appellees. | ) | |
|  | ) | |

## MOTION TO AMEND BRIEFING SCHEDULE

This case concerns the constitutionality of longstanding limits on

coordinated party expenditures, set out in 52 U.S.C. § 30116 and upheld by the

Supreme Court in *Federal Election Commission v. Colorado Republican Federal*

*Campaign Committee* ("*Colorado II*"). 533 U.S. 431 (2001).  This challenge comes

before the Court not on appeal, but under a unique statutory provision of the

Federal Election Campaign Act ("FECA") set forth in 52 U.S.C. § 30110, pursuant

to which a district court prepares a record and certifies constitutional questions to

the en banc Court of Appeals to decide the merits of the case in the first instance.

To ensure the parties have full and equal opportunity to present their cases in a

manner commensurate with a constitutional question central to the political

process, the Federal Election Commission ("FEC" or "Commission") respectfully moves this Court to amend the current briefing schedule in two ways.

First, the Commission requests that the Court substitute a cross-appeal briefing schedule, as provided in Rule 28.1(f) of the Federal Rules of Appellate Procedure, in lieu of the scheduling order that has been entered in this case; and second, that the Court reissue briefing deadlines reflecting a cross-appeal schedule that allows the FEC equal briefing. The Commission contacted counsel for the plaintiffs-appellants on February 6, 2024, to ascertain their position and they stated their opposition.

This case is being brought under a special review provision set forth in FECA, 52 U.S.C. § 30110. The district court performed its gatekeeping role and certified relevant constitutional question to this Court, sitting en banc, to decide the merits.[1] Because the certified question is not raised as an appeal of a lower court decision in which one side prevailed, the standard appellate briefing schedule outlined in Rule 28 of the Federal Rules of Appellate Procedure and the Court's January 23, 2024, Briefing Schedule Letter, is less well suited than one which in

---

[1] Because the merits of the case have not yet been addressed, but are the issue before this Court, the FEC believes that the parties should be referred to as "Plaintiffs-Appellants," and "Defendants-Appellees," rather than "Appellants" and "Appellees."

which each side is allowed to file two briefs, as provided for in cross-appeals under Rule 28.1(f) of the Federal Rules of Appellate Procedure.

As the parties have not yet argued the substance of the certified question, the FEC submits that the Court should enter a revised briefing schedule setting forth an equal opportunity to brief this Court on the merits. Under the default briefing schedule in a typical appeal, *see* Fed. R. App. P. 28, appellants are permitted to file both the first brief and the last brief because they have the burden of convincing the Court that there was an error below. *See, e.g., Princess Cruises, Inc. v. U.S.*, 397 F.3d 1358, 1361 (Fed. Cir. 2005) ("[A]ppellants . . . bear the burden of demonstrating prejudicial error in the decision being appealed and, therefore, are entitled to the [first and] last word in both the briefs and at oral argument on their appeal."). The rationale underlying that approach does not apply in this Section 30110 case because no party asks this Court to review an error of the lower court. *See NRSC v. FEC*, No. 22-639 (S.D. Ohio), Opinion and Order (Cole, J.) (Doc No. 49), 2024 WL 205474 at 2. Accordingly, neither side should be considered an appellant or appellee when arguing the substance of a constitutional question that the district court prepared and certified to this Court.

This Court's role is to consider the certified constitutional question itself for the first time in this litigation. *Accord Wagner v. FEC*, 717 F.3d 1007, 1011 (D.C. Cir. 2013) (per curiam) (explaining that Section 30110 grants "exclusive merits

jurisdiction to the en banc court of appeals"). In the posture contemplated by Section 30110, this Court's role is similar to that of a district court considering cross-motions for summary judgment. In accordance with its role under the FECA, the district court decided, *inter alia*, whether the constitutional challenge was frivolous or insubstantial, but it did not consider the merits. *NRSC v. FEC*, No. 22-639 (S.D. Ohio), Opinion and Order (Cole, J.) (Doc No. 49), 2024 WL 205474 at 12 ("Section 310 of the FECA textually commits any determinations about the merits of the parties' legal positions to the en banc court of appeals."); *id*. at 9, n. 9 ("After all, under the plain text of § 310 of the FECA, any legal issues are textually reserved for and committed to the care of the Sixth Circuit sitting en banc. Both parties had no reason to brief any legal issue — beyond whether Plaintiffs' challenge merits certification in the first instance — in this Court.").

The FEC submits that adopting a cross-appeal briefing schedule would also aid the Court in navigating the intricacies of the case. Constitutional challenges to FECA are often complex, in light of Supreme Court precedent and the expected scope of the First Amendment analysis and impact. *See Colorado II*, 533 U.S. 431. In *Cao v. FEC*, 619 F.3d 410 (5th Cir. 2010), a prior First Amendment challenge to this exact provision of FECA, the Fifth Circuit agreed that a four-brief schedule was appropriate. There, the FEC sought leave to file a sur-reply in response to plaintiff-appellant's reply to the Commission's principal brief to permit the parties

equitable briefing.  *See* FEC's Unopposed Mot. for Reply Br. In *Cao* at 1-4, Nos. 10-30080, 10-30146 (5th Cir. Mar. 9, 2010) (Docket No. 511045408).  The Court granted this request.  Order, *id*. (5th Cir. Mar. 15, 2010) (Docket No. 511052443).

As part of its request for equal briefing, the Commission makes the related request that the Court amend the briefing deadlines in accordance with that structure, proposing the following revised schedule:

- Plaintiffs-Appellants' Principal Brief:     March 4, 2024
- Defendants-Appellees' Principal Brief:   April 4, 2024
- Plaintiffs-Appellants' Reply Brief:           May 3, 2024[2]
- Defendants-Appellees' Reply Brief:         May 24, 2024
- Oral Argument:                                          June 12, 2024[3]

It is true that Section 30110 provides for a streamlined certification process to the en banc Court of Appeals to allow constitutional questions on the Act to proceed with relative expediency.  52 U.S.C. § 30110 ("The district court immediately shall certify all questions of constitutionality of this Act to the United States court of appeals for the circuit involved.").  However, the modest impact on the timing of the resolution of this case is offset by consideration that the status quo being challenged has been a framework under which political party

---

[2] Rule 28.1(f) affords plaintiffs-appellants 30 days to file a reply brief, rather than 21 days under the current briefing schedule.

[3] The Commission acknowledges this oral argument date, under the proposed briefing schedule that follows Rule 28.1(f), occurs soon after the conclusion of briefing and that it may be more convenient for the Court to hold argument on the week of July 15-19, 2024.

committees and candidates have abided by coordinated party expenditure limits —

a post-Watergate reform — for nearly 50 years.  Allowing the time for equal

briefing would not cause a substantial delay and appropriately balances the

interests of ensuring fairness and timeliness.  *See, e.g., Buckley v. Valeo*, 519 F.2d

817, 818-19 (D.C. Cir. 1975) (remanding the case to the district court while noting

that such an approach was "consistent with the intention of Congress for

expedition in appellate disposition").  In view of the fact that this case raises the

question whether an Act of Congress should be struck down — "the gravest and

most delicate duty that [courts are] called on to perform," *Blodgett v. Holden*, 275

U.S. 142, 148 (1927) (Holmes, J., concurring) — balanced briefing is especially

appropriate.

  For the foregoing reasons, the Commission respectfully moves this Court to

adopt an equitable briefing schedule like that set forth for cross-appeals in Rule

28.1(f) of the Federal Rules of Appellate Procedure, which permits each side to file

two briefs, and to reset the deadlines provided in the briefing schedule as the

Commission proposes herein or otherwise accordingly with justice.

Respectfully submitted,

Lisa J. Stevenson
Acting General Counsel
lstevenson@fec.gov

Jason Hamilton (D.C. Bar No.
996188)
Assistant General Counsel
jhamilton@fec.gov

Christopher H. Bell (D.C. Bar No.
1643526)
Acting Assistant General Counsel
chbell@fec.gov


February 8, 2024

Shaina Ward (D.C. Bar No. 1002801)
sward@fec.gov

Sophia H. Golvach (D.C. Bar No.
1656365)
sgolvach@fec.gov

*/s/ Blake L. Weiman*
Blake L. Weiman (D.C. Bar No
1725165)
bweiman@fec.gov

Attorneys

COUNSEL FOR
DEFENDANTS-APPELLEES
FEDERAL ELECTION
COMMISSION
1050 First Street, N.E.
Washington, D.C. 20463
(202) 694-1650

CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I hereby certify this motion complies with the typeface and type styles requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in 14-point Times New Roman, a proportionally spaced font, and that it complies the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 1,331 words, according to the word count feature of Microsoft Word.

/s/ Blake L. Weiman
Blake L. Weiman

CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of February, 2024, I served the

foregoing pursuant to 6 Cir. R. 25 on counsel of record, as registered ECF users,

through the Court's CM/ECF system.

> _/s/ Blake L. Weiman_
> Blake L. Weiman (D.C. Bar No. 1725165)
> Attorney
> bweiman@fec.gov